## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOHNNY WHITE, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-01332-PLC ) |
| IPX 1700 South Big Bend LLC, a domestic limited liability company, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Johnny White filed a Complaint [ECF No. 1] asserting a claim under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq*. Plaintiff has also filed a motion to proceed in forma pauperis seeking leave to commence the action without prepayment of the required filing fee. [ECF No. 3] Having reviewed the motion, the Court finds the motion to proceed in forma pauperis should be granted. See 28 U.S.C. § 1915(a)(1). However, because Plaintiff seeks to proceed in forma pauperis, the Court conducts an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2).

    **I.**    **Motion to proceed in forma pauperis**

To obtain court-authorization to commence an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses and that the person is unable to pay the fee. 28 U.S.C. §1915(a)(1). Plaintiff has filed the necessary affidavit. [ECF No. 3] Upon review of the motion and the financial affidavit, the Court finds that plaintiff is unable to pay the filing fee and his motion to proceed in forma pauperis should be granted.  See 28 U.S.C. § 1915.

## II. Review of Complaint

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right." Engel v. Southeast Correctional Center, No. 1:20-cv-258 JMB, 2021 WL 916415, at *2 (E.D. Mo. Mar. 10, 2021) (citing Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1061 (4th Cir. 1987)); see also In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988) ("[d]efendants have a right to be free from harassing, abusive, and meritless litigation" and federal courts have an obligation to exercise their authority to protect litigants from malicious actions).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although the Court accepts the factual allegations in the complaint as true, it is not bound to accept all legal conclusions as true. Id. The Court gives the complaint the benefit of a "liberal construction," meaning that if the essence of an allegation is discernible, the Court construes the

2

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

### B. Complaint's Allegations

Plaintiff brings this action for declaratory and injunctive relief pursuant to Title III of the ADA against Defendant IPX 1700 South Big Bend, LLC, a domestic limited liability company. According to the complaint, Defendant is the "owner, lessor, and/or operator/lessee of the real property and improvements" of a "shopping center and its attendant facilities, including vehicular parking and common exterior paths of travel" located at 2539 S. Brentwood Boulevard in St. Louis, Missouri ("Subject Property" or "Subject Facility").

Plaintiff asserts that he is an individual with disabilities who is substantially limited in performing one or more major life activities, including walking and standing, and who uses a wheelchair for mobility purposes. In September 2021, Plaintiff claims he attempted to, but was deterred from, "patronizing and/or gaining equal access as a disabled person" to The Pasta House Company (Pasta House) located at the Subject Property. Plaintiff alleges he has attempted to, and has to the extent possible, accessed the Subject Property in his capacity as a patron "but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein[.]"

Plaintiff's complaint sets forth a list of "physical barriers, dangerous conditions, and ADA violations" present in the interior and exterior of the Subject Property which Plaintiff encountered and which he alleges precluded or limited his access to the Subject Property and his

3

full and equal enjoyment of the goods, services, and accommodations available therein. This list includes the following non-compliant items: (1) a lack of van accessible parking, access aisles in parking spaces, and parking signage; (2) a lack of safe and accessible routes from the parking lot to the entrances of businesses located in the shopping center; and (3) non-compliant ramps, ramp handrails, and restrooms. Plaintiff asserts Defendant also "has a practice of failing to maintain" certain accessible features of the Subject Facility.

Plaintiff alleges that he lives within 30 miles of the Subject Property and that he intends to visit the Subject Property as a patron in the future. Plaintiff contends his access to the Subject Property and full and equal enjoyment of the goods, services, and facilities offered therein are limited or denied due to his disability unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations present at the Subject Property. Plaintiff asserts that the removal of the physical barriers is readily achievable due to "the site conditions at the Subject Property, the structural design of the [S]ubject [F]acility, and the straightforward nature of the necessary modifications." Finally, Plaintiff claims that removal of the physical barriers can be accomplished and carried out without significant difficulty or expense "because of the relatively low costs of the necessary modifications, and the Defendant has the financial resources to make the modifications[.]"

### C.  Discussion

The ADA prohibits discrimination against individuals on the basis of disability to the full and equal enjoyment of goods, services, and accommodations at places of public accommodation.  42 U.S.C. § 12182(a); see Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1272 (11th Cir. 2006). Specifically, Title III states "No individual shall be

4

discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

"For facilities that have been altered or constructed after January 26, 1993, discrimination includes the failure to design and construct facilities or the failure to make alterations to the facility that render it 'readily accessible to and usable by individuals with disabilities.'" Rush v. Hyun Suk Kim, 908 F. Supp.2d 1117, 1119 (C.D. CA 2012) (quoting 42 U.S.C. § 12183(a)).[1] For facilities that existed prior to that date, discrimination includes a failure to remove architectural barriers that are structural in nature where such removal is readily achievable. 42 U.S.C. § 12182 (b)(2)(A)(iv); Gathright-Dietrich, 452 F.3d at 1272.[2] "Readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

To state a claim under Title III, the plaintiff must allege: (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff by denying him a full and equal opportunity to enjoy the goods, services, or accommodations defendant provides. Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2nd Cir. 2008); Arizona ex rel. Goddard v.

---

[1] Whether a facility is "readily accessible" is defined, in part, by the ADA Accessibility Guidelines (ADAAG), which are guidelines developed by the Architectural and Transportation Barriers Compliance Board, an independent federal agency. The Department of Justice is required promulgate regulations consistent with the guidelines. Rush, 908 F.Supp.2d at 1119.

[2] Where removal is not "readily achievable," an entity's failure to make goods, services, and facilities "available through alternative methods if such methods are readily achievable[,]" may constitute discrimination under the ADA. 42 U.S.C. § 12182(b)(2)(A)(v); Gathright-Dietrich, 452 F.3d at 1273.

5

Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). When the facilities were in existence prior to January 26, 1993, the plaintiff must also demonstrate that removal of the physical barrier is readily achievable. Gathright–Dietrich, 452 F.3d at 1273; Lugo v. 141 NW 20th Street Holdings, LLC, 878 F.Supp.2d 1291, 1293–94 (S.D. Fla. 2012).

The Court finds, for purposes of the initial review, that Plaintiff has stated a claim upon which relief may be granted, and that the complaint is not frivolous or malicious. Plaintiff alleged that he is disabled; is substantially limited in performing one or more major life activities, including walking and standing; and that he uses a wheelchair for mobility purposes. These allegations meet the pleading requirement demonstrating that Plaintiff is a disabled person. 42 U.S.C. §12102 (1) ("disability" defined as "a physical or mental impairment that substantially limits one or more major life activities" of an individual); 42 U.S.C. § 12102 (2)(A) ("major live activities" includes walking and standing). By pleading that the Subject Property is a "shopping center" and that Defendant is the "owner, lessor, and/or operator/lessee of the real property and improvements" of the Subject Property, Plaintiff has sufficiently alleged that Defendant owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12181(7)(E) (public accommodation includes a "shopping center or other sales or rental establishment"). Further, Plaintiff's allegations setting forth a list of physical barriers that preclude or limit his ability to access the full and equal enjoyment of Defendant's property and the goods, services, and accommodations Defendant provides, adequately alleged that Defendant discriminated against him. Finally, the Court finds Plaintiff has sufficiently alleged that the removal of the barriers at the Subject Property is readily achievable.[3]

---

[3] Although Plaintiff alleges that "[a]ccessible elements at the Subject Property have been altered and/or constructed since 2010[,]" the complaint does not set forth when the Subject Facilities were constructed. Plaintiff


Liberally construing the allegations in Plaintiff's complaint, the Court concludes that, at this stage of the proceedings, Plaintiff states a facially plausible Title III claim against Defendant for discrimination. Additionally, Plaintiff's claim is neither frivolous nor malicious. The Court will issue process on Plaintiff's claim against the Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process or cause process to issue on the complaint.

**IT IS FURTHER ORDERED** that defendant shall be served at its registered agent: James W. Davis, 325 N. Kirkwood Road, Suite 210, St. Louis, MO, 63122.

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of December, 2021

---

presents alternative theories of discrimination, alleging Defendant has failed to either: (1) "remove the existing architectural barriers to the physically disabled when such removal is readily achievable… that have existed prior to January 26, 1992, [in violation of] 28 CFR §36.304(a);" (2) ensure to the maximum extent feasible that any alteration made to the Subject Property since January 26, 1992, is "readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, [in violation of] 28 CFR 36.402;" and (3) ensure that the Subject Facility was "readily accessible to and usable by individuals with disabilities as defined by the ADA[,]" in the event that the Subject Facility was "designed and constructed for first occupancy subsequent to January 26, 1993.